**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

KEVIN M. TORGERSEN,
          Appellant,

          v.

DEPARTMENT OF THE ARMY,
          Agency.

DOCKET NUMBERS
PH-0752-22-0072-C-1
PH-0752-22-0072-X-1

DATE:  March 19, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Kevin M. Torgersen</u>, Marshfield Hills, Massachusetts, pro se.

<u>Matthew Harris</u>, Esquire, Concord, Massachusetts, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The Board issued a March 27, 2024 compliance order finding the agency in noncompliance with the final decision in the underlying appeal and granting the appellant's petition for enforcement.  *Torgersen v. Department of the Army*, MSPB Docket No. PH-0752-22-0072-C-1, Order (Mar. 27, 2024) (Order); *Torgersen v. Department of the Army*, MSPB Docket No. PH-0752-22-0072-X-1, Compliance Referral File (CRF), Tab 1.   For the reasons discussed below, we

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

now find the agency in compliance and DISMISS the appellant's petition for enforcement and compliance petition for review.

## DISCUSSION OF ARGUMENTS AND EVIDENCE OF COMPLIANCE

On May 23, 2022, the administrative judge issued an initial decision finding that the agency failed to establish that the appellant was medically unable to perform the duties of his Survey Technician position and ordering the agency to cancel the removal and retroactively restore the appellant, effective April 16, 2021. *Torgersen v. Department of the Army*, MSPB Docket No. PH-0752-22-0072-I-1, Initial Appeal File, Tab 92, Initial Decision (ID) at 13, 21. The administrative judge also ordered the agency to pay the appellant the appropriate amount of back pay with interest and to adjust benefits with appropriate credits and deductions. ID at 21. Neither party petitioned for review of the initial decision, which thus became final on June 27, 2022. ID at 23.

On September 11, 2022, the appellant filed a petition for enforcement. *Torgersen v. Department of the Army*, MSPB Docket No. PH-0752-22-0072-C-1, Compliance File (CF), Tab 1. He did not dispute that the agency restored him to his former position, but he argued that: (1) the agency had not paid any of the back pay owed to him; (2) the agency informed him that it did not intend to include any overtime or differential pay in the back pay award, while failing to provide him with the records necessary for determining the proper calculation of any overtime or differential pay; and (3) the agency failed to restore his sick leave balances. *Id.* He further argued that he was entitled to overtime that he earned while working as a Material Handler with the Department of Veterans Affairs (DVA), from January 30 to July 16, 2022, when he was restored to his position at U.S. Army Corps of Engineers (USACE), but that the agency intended to deduct these earnings from its back pay award. *Id.*

On February 28, 2023, the administrative judge issued a compliance initial decision denying the appellant's petition for enforcement without prejudice. CF, Tab 37, Compliance Initial Decision (CID) at 5. Specifically, the administrative judge found that the agency, while not in technical compliance with the Board's final decision, had acted in good faith to process the appellant's back pay and benefits adjustments. CID at 4. The appellant filed a timely petition for review of the compliance initial decision in which he requested that the Board order the agency to pay the undisputed amount of back pay owed to him, along with interest and penalties, and restore his sick leave.[2] Compliance Petition for Review File, Tab 1 at 5.

On March 27, 2024, the Board issued a compliance order granting the petition for review, reversing the compliance initial decision, finding the agency in noncompliance with the final decision on the merits, and ordering the agency to submit satisfactory evidence of compliance with the Board's Order. Order at 1-2. The Board found that there was an unresolved factual dispute as to whether the information that the agency provided to the Defense Finance Accounting Service (DFAS) reflected the proper overtime and differential pay hours. Order at 5. Specifically, the Board determined that the agency had not presented clear and understandable argument and evidence that its determination that the appellant would not have worked overtime or differential time was accurate. Order at 7. Accordingly, the Board ordered the agency to submit evidence and argument demonstrating that it properly calculated the appellant's overtime hours for

---

[2] As noted in the compliance initial decision, the Board's regulations provide that, upon a finding of noncompliance, the party found to be in noncompliance must do the following: (i) to the extent that the party decides to take the actions required by the initial decision, the party must submit to the Clerk of the Board, within the time limit for filing a petition for review under 5 C.F.R. § 1201.114(e), a statement that the party has taken the actions identified in the initial decision, along with evidence establishing that the party has taken those actions; and (ii) to the extent that the party decides not to take all of the actions required by the initial decision, the party must file a petition for review under the provisions of 5 C.F.R. §§ 1201.114-1201.115. 5 C.F.R. § 1201.183(a)(6) (2023).

April 16, 2021, through July 17, 2022, and that its submission to DFAS reflected that calculation. *Id*. Furthermore, the Board ordered the agency to submit evidence demonstrating full compliance with the Board's order, including an explanation of how it calculated interest on the back pay award. Order at 9. The Board docketed the instant compliance referral matter and instructed the agency to file its compliance evidence under the new docket number. Order at 10-11.

On May 24, July 26, and December 12, 2024, the agency filed updates on the status of the appellant's back pay. CRF, Tabs 4, 6, 9. The appellant has filed several replies to the agency's submissions. CRF, Tabs 3, 5, 7-8, 11.

## ANALYSIS

When, as here, the Board finds a personnel action unwarranted, the aim is to place the appellant, as nearly as possible, in the situation he would have been in had the wrongful personnel action not occurred. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011); *King v. Department of the Navy*, 100 M.S.P.R. 116, ¶ 12 (2005), *aff'd per curiam*, 167 F. App'x 191 (Fed. Cir. 2006). The agency bears the burden to prove compliance with the Board's order by a preponderance of the evidence.[3] *Vaughan*, 116 M.S.P.R. 319, ¶ 5; 5 C.F.R. § 1201.183(d). An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Vaughan*, 116 M.S.P.R. 319, ¶ 5. The appellant may rebut the agency's evidence of compliance by making specific, nonconclusory, and supported assertions of continued noncompliance. *Id*.

---

[3] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

<u>The agency is in compliance with its obligation to demonstrate that it properly calculated the appellant's overtime and differential pay hours from April 16, 2021, through July 17, 2022.</u>

Overtime back pay may be computed based on either the appellant's own overtime history or the average overtime hours worked by similarly situated employees during the relevant time period. *Rittgers v. Department of the Army*, 123 M.S.P.R. 31, ¶ 13 (2015). Although the appellant is not entitled to receive a windfall, he is entitled to be restored to the status quo ante, and the agency must use the method of computation most likely to achieve this goal. *Id.* The Board will not nullify the method employed by the agency in calculating overtime back pay in the absence of a showing that the method was unreasonable or unworkable. *Id.* The overtime determination necessarily includes a consideration of the relevant circumstances, including working conditions during the time of the wrongful separation. *See Brady v. Department of the Navy*, 55 M.S.P.R. 693, 697 (1992).

Here, the agency determined that the appellant's back pay should not include overtime or differential pay based on the appellant's own pay history. The agency submitted a signed declaration from M.T., the Chief of Design Branch at USACE, explaining that Survey Technicians such as the appellant "generally do not work any overtime unless their work requires them to travel to remote locations involving difficult travel" or if there is another unanticipated mission-critical need. CFR, Tab 2 at 62. M.T. explained that, following a March 2020 shift in operations due to the COVID-19 pandemic, the appellant worked overtime in April and early May 2020. *Id.* at 63, 172-74. However, following the expiration of agency COVID-19 travel restrictions on May 13, 2020, the Survey Section where the appellant worked returned to normal operations and overtime was no longer regularly authorized. *Id.* at 64 (declaration of M.T). The agency submitted evidence indicating that, other than the overtime the appellant worked under the COVID-related shift in operations, in the nearly 3-year period between his hiring and removal in April 2021, the appellant worked a single hour of overtime on

December 4, 2019, and 6.5 hours of holiday pay on February 17, 2020. *Id.* at 123-174.

The agency submitted evidence indicating that it employed eleven similarly situated Survey Technicians between April 16, 2021, and July 17, 2022. *See id.* at 64 (declaration of M.T). The agency produced the timecards and overtime requests of these similarly situated employees during the back pay period. *Id.* at 202-576. Out of these similarly situated employees, seven earned overtime or compensatory time off during the relevant period. Five of these Survey Technicians worked 16 hours of overtime, CFR, Tab 2 at 310, 379, 382, 441-42, 499, 503, 541, 544, one worked 8 hours of overtime, *id.* at 487, and one earned 8 hours of compensatory time off, *id.* at 344. None of these employees received differential pay during the back pay period. The agency contends that these work patterns do not accurately reflect the overtime hours that the appellant would have worked because they were unpredictable and situational in nature. *Id.* at 13. For example, the agency submitted M.T.'s February 15, 2022 request for overtime due to long travel distances to a survey site in northeastern Maine for a "tide dependent project." *Id.* at 455-56. The record reflects that two other Survey Technicians worked 8 hours of overtime together on April 30, 2022, because weather conditions prevented surveying during work hours. *Id.* at 319-20, 495-96.

We find that the appellant has not shown that the agency's method of calculating overtime was unreasonable under the circumstances. *See Rittgers*, 123 M.S.P.R. 31, ¶ 13; *see also Brady*, 55 M.S.P.R. at 697 (where there is no evidence that conditions during the wrongful separation varied from conditions prior to the removal, basing an overtime award on preseparation work history is an appropriate means of calculation to restore the appellant to the status quo ante). We likewise find reasonable the agency's determination that the appellant was not entitled to overtime or differential pay during the relevant back pay period based on his de minimis history of such pay.

On review, the appellant renews his argument that he is entitled to overtime for his time working at the DVA. CRF, Tab 8. However, in its March 27, 2024 Order, the Board found "that the appellant's full-time position as a Materials Handler at DVA was replacement employment—not moonlight employment—and, thus, all earnings from this position are deductible." Order at 8 (citing *LaBatte v. Department of the Air Force*, 58 M.S.P.R. 586, 595 (1993) (stating that, pursuant to 5 U.S.C. § 5596(b)(1)(A), an agency must deduct from a back pay award any amount an appellant earned from employment obtained as a replacement for his position during the period the corrected personnel action was in effect)). Based on the foregoing, we find that the agency is in compliance with its obligation to demonstrate that it properly calculated the appellant's overtime and differential pay hours from April 16, 2021, through July 17, 2022.

<u>The agency has demonstrated full compliance with the Board's order by paying the appellant back pay, interest on back pay, and restoring the appellant's leave balances.</u>

In its July 26, 2024 submission, the agency provided a declaration averring that the appellant was paid back pay in full on July 11, 2024, as well as a DFAS backpay audit documenting the same. CRF, Tab 6. The record reflects that the appellant received $45,952.56 in back pay, which DFAS calculated by offsetting the appellant's $12,497.28 outside earnings at South Shore Hospital from a gross back pay amount of $58,449.84. *Id.* at 6-7. DFAS also deducted $3,104.23 from the appellant's back pay award to account for the previous lump sum leave payout he had received at the time of his removal. *Id.* at 6, 12-13. DFAS further reduced the appellant's back pay by retirement contributions, Social Security and Medicare taxes, health benefits premiums, and federal income tax withholdings. *Id.* at 13. The appellant received an additional payment of $5,957.14 in interest. *Id.* at 6, 13-14. DFAS calculated interest based on an adjusted gross back pay of $35,876.58, which was based on the appellant's gross pay of $58,449.84 as offset by the appellant's $12,497.28 outside earnings at South Shore Hospital and by his

$10,076.08 in DVA outside earnings.[4]  *Id.* at 12-13, 16.  The appellant's leave balances also were adjusted, including 124.25 hours of restored annual leave.  *Id.* at 9, 20.

The appellant does not raise specific errors with these calculations.  Rather, the appellant asserts that the agency improperly offset his outside earnings at South Shore Hospital from back pay because that position was "moonlight [employment]" as defined in 5 C.F.R. § 550.805(e)(1).  CRF, Tab 8 at 9.  To establish that replacement earnings received during the period that an employee was improperly removed from his position should be viewed as "moonlight" employment, and thus not deductible from a back pay award, the employee must show that he could or would have worked at the interim employment had the removal not occurred.  *Weber v. Department of Justice*, 88 M.S.P.R. 345, ¶ 11 (2001).  Here, the appellant began working for the South Shore Hospital following his separation from the agency, and he had not previously worked there while employed with the agency.  Under these circumstances, we find that the appellant's employment at South Shore Hospital was replacement employment, not "moonlight" employment.

The appellant also asserts that the Board should include mileage and per diem payments in back pay.  CRF, Tab 8 at 9.  However, as the Board found in its March 27, 2024 compliance order, "incidental expenses such as per diem and travel expenses are not covered by the phrase 'pay, allowances or differentials' under either the Back Pay Act, 5 U.S.C. § 5596(b)(1)(A), or its implementing regulations, found at 5 C.F.R. § 550.805."  Order at 5 n.4.

Finally, the agency concedes that DFAS has failed to offset the appellant's debt to the DVA from his back pay.  CRF, Tab 8 at 4.  However, the collection of this debt is unrelated to the matter before us.

---

[4] With respect to the applicable interest rates, the Back Pay Act provides for interest to be paid at the overpayment rate in the Internal Revenue Code.  5 U.S.C. § 5596(b)(2)(B); 26 U.S.C. § 6621(a)(1).  The Office of Personnel Management (OPM) publishes these rates on its website.  A comparison of the rates used by the agency and those on OPM's website demonstrates that the interest rates used were correct.  CRF, Tab 6 at 16-19.

In light of the foregoing, we find that agency is in compliance with its outstanding compliance obligations and dismiss the appellant's petition for enforcement and compliance petition for review. This is the final decision of the Merit Systems Protection Board in these compliance proceedings. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## NOTICE TO THE APPELLANT REGARDING
## YOUR RIGHT TO REQUEST
## ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          _____
                        Gina K. Grippando
                        Clerk of the Board
Washington, D.C.